# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROCHEL CHAITOVSKY, | Civil Action No: |
| Plaintiff, | 16-cv-2568 (PGS)(LHG) |
| v. | |
| WILLIAMS RUSH AND ASSOCIATES, LLC, | MEMORANDUM AND ORDER |
| Defendants. | |

SHERIDAN, U.S.D.J.

This matter comes before the Court on Defendant Williams Rush and Associates, LLC's motion for summary judgment. (ECF No. 17). Plaintiff Rochel Chaitovsky[1] asserts that Defendant Williams Rush and Associates, LLC violated the Telephone Consumer Protection Act ("TCPA") and the Fair Debt Collections Protections Act ("FDCPA") in the course of making multiple calls to Plaintiff via an automatic telephone dialing system. At oral argument, Plaintiff withdrew the FDCPA claim.

Pursuant to Local Civil Rule 56.1(a), Defendant Williams submitted a statement of undisputed material facts (ECF No. 17-3). In contrast, Plaintiff failed to submit a responsive statement of material facts or any supporting papers. (Opposition Brief at 1-2, ECF No. 19). Thus, in accordance with Fed. R. Civ. P. 56(e)(2-3) and Local Civil Rule 56.1(a), this Court accepts Defendant's submitted facts, supported by affidavit and exhibits, as true.

---

[1] Plaintiff provides allegations for a class action, stating that the "Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from Defendant[.]" (Complaint at ¶¶9, 11). At this time, no motion for class certification has been filed, so for the purposes of this motion, the Court will consider Chaitovsky the sole Plaintiff.

1

I.

In the Complaint, Plaintiff alleges that after purchasing a cellular telephone with the assigned number of \*\*\*-\*\*\*-8018 ("the 8018 number") in September of 2013, she began receiving telephone calls from the Defendant via an automated dialing system. (Complaint, ECF No. 1 at ¶23-24). Plaintiff alleges that the telephone calls were originating from the phone numbers 361-237-1102 and 855-869-9847 (collectively "the Williams numbers"). (*Id.* at ¶25). Despite these attempts, Plaintiffs alleges that she received over two hundred calls from the Williams numbers beginning in 2013 and through 2015. Id. at ¶¶28-29.

The statement of undisputed material facts is far different from the allegations in the Complaint. Defendant confirms multiple calls were made from the Williams numbers. (Defendant SUMF at ¶2, ECF No. 17-3). Admittedly, Defendant made calls to the 8018 number in trying to reach Janet Rodriguez, a third party. (Defendant SUMF at ¶¶1-3). Defendant further asserts that no calls made to the 8018 number were placed by an automated dialer. (Williams Affidavit at ¶8; Defendant SUMF at ¶5). Defendant instead posits that only five voice messages were ever left on the 8018 number, and that all five messages were left by live agents, the date and full transcript of each message is recited in their submitted affidavit.[2] (Williams Affidavit at ¶¶4, 6, 9; Defendant SUMF at ¶4).

Defendant also asserts that on the limited occasions calls were made to the 8018 number, no pre-recorded messages were ever left, not once was payment requested for any obligation on the Plaintiff's part, and all calls were made seeking to reach Janet Rodriguez, not the Plaintiff. (Defendant SUMF at ¶¶6-8).

---

[2] The calls all occurred between April 24, 2015 and May 17, 2016. (Williams Affidavit at ¶6).

## II.

Summary judgment is appropriate under Fed. R. Civ. P. 56(c) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence "is to be believed and all justifiable inferences are to be drawn in his favor." *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255).

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. *Jersey Cent. Power & Light Co. v. Lacey Twp.*, 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. *Anderson*, 477 U.S. at 248; *Siegel Transfer, Inc. v. Carrier Express, Inc.*, 54 F.3d 1125, 1130-31 (3d Cir. 1995). "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." *Schoch v. First Fid. Bancorp.*, 912 F.2d 654, 657 (3d Cir. 1990); *see also* Fed. R. Civ. P. 56(e) (requiring nonmoving party to "set forth specific facts showing that there is a genuine issue for trial").

Moreover, only disputes over facts that might affect the outcome of the lawsuit under governing law will preclude the entry of summary judgment. *Anderson*, 477 U.S. at 247-48. If a court determines, "after drawing all inferences in favor of [the non-moving party], and making all

credibility determinations in his favor...that no reasonable jury could find for him, summary judgment is appropriate." *Alevras v. Tacopina*, 226 F. App'x 222, 227 (3d Cir. 2007).

III.

Plaintiff alleges that Defendant violated 47 U.S.C. § 27(b)(A)(iii) when Defendant used an automated dialing system to make multiple calls to the 8018 number between 2013 and the present (Complaint at ¶32-37; Opposition Brief at 1-2). The relevant statute reads in part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States--
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice--
> . . .
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States

47 U.S.C. § 27(b)(A)(iii). The TCPA was passed "to protect individual consumers from receiving intrusive and unwanted calls." *See Daubert v. NRA Grp, LLC*, 861 F.3d 382, 389 (3d Cir. 2017) (quoting *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 268 (3d Cir. 2013). It "bars 'any person within the United States' from making calls to a phone number assigned to a 'cellular telephone service' using an 'automatic telephone dialing system.'" *Daubert*, 861 F.3d at 389 (citing 47 U.S.C. § 27(b)(A)(iii)).

Plaintiff's sole argument pertaining to the TCPA claim in their opposition papers posits that courts nationwide have held that simple allegations of automated calls in the pleadings have sufficed to overcome 12(b)(1) and 12(b)(6) motions to dismiss. (Opposition Brief at 3-4). Plaintiff proceeds to cite three cases from districts outside the Third Circuit in support of this argument.

*Id.*[3] Plaintiff's argument here is misplaced as the pending motion is one for summary judgment, not to dismiss. In contrast, there is a complete lack of any evidence indicating any use of an automated system.

Here, Plaintiff's claim fails because, per the undisputed facts, Defendant did not use an automatic telephone dialing system to call Plaintiff's 8018 number. (Williams Affidavit at ¶8; Defendant SUMF at ¶5). If no such automated system was utilized, the requirements for a TCPA claim cannot be met. Thus, Defendant's motion for summary judgment with respect to Plaintiff's TCPA claims is granted.

## ORDER

This matter, having come before the Court on Defendant's motion for summary judgment (ECF No. 17); and the Court having fully considered the submissions in support thereof, and any opposition thereto; and having considered the arguments of the parties; and for good cause shown;

IT IS on this 30th day of April, 2018,

ORDERED that Defendant's motion for summary judgment on the TCPA cause of action (ECF No. 17) is GRANTED; and it is further

ORDERED that Defendant's motion for summary judgment on the FDCPA cause of action is GRANTED as Plaintiff withdrew same at oral argument.

_____
PETER G. SHERIDAN, U.S.D.J.

---

[3] Plaintiff cites *Steward v. T Mobile USA, Inc*, 124 F. Supp. 3d 729 (D.S.C. 2015), *Neptune v. Whetstone Partners LLC*, 34 F. Supp. 3d 1247, (S.D.Fl. 2014), and *LaVigne v. First Cmty. Bancshares, Inc.*, 215 F. Supp. 3d 1138 (D.N.M. 2016).